# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James H. Farris,**
**Petitioner Below, Petitioner**

**vs) No. 16-0438** (Jefferson County 14-C-126)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James H. Farris, by counsel Christopher P. Stroech, appeals the Circuit Court of Jefferson County's April 26, 2016, order denying his petition for writ of habeas corpus. Respondent Marvin Plumley,[1] Warden, by counsel Brandon C.H. Sims, filed a response. On appeal, petitioner argues that the circuit court erred in denying his habeas petition on the grounds of ineffective assistance of prior habeas counsel.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 1996, petitioner was indicted on four counts of second-degree sexual assault. Following a jury trial, petitioner was convicted of all counts in December of 1996. The circuit court thereafter sentenced petitioner to a term of incarceration of ten to twenty-five years for each count, with three of the sentences to be served consecutively and one sentence to be served concurrently to the others. Thereafter, petitioner appealed his conviction to this Court, and we refused the same by order entered in September of 1997.

In April of 1999, petitioner filed a petition for writ of habeas corpus in the circuit court that included an allegation that his trial counsel was ineffective. Shortly after filing that petition, petitioner filed a petition for writ of habeas corpus directly with this Court, which was refused in April of 1999. The circuit court held an evidentiary hearing in January of 2000, after which it

---

[1]Petitioner originally listed David Ballard, Warden of Mt. Olive Correctional Center, as respondent in this matter. However, petitioner is no longer housed at Mt. Olive Correctional Center and is, instead, housed at Huttonsville Correctional Center. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the name of the correct public officer has been substituted as respondent in this action.

1

denied the petition. Around this same time, petitioner filed a prisoner civil rights action against his trial counsel in the United States District Court for the Northern District of West Virginia. That case was dismissed by order entered in September of 2001. Thereafter, petitioner filed a number of additional petitions for writ of habeas corpus with the circuit court, this Court, and the United States District Court for the Northern District of West Virginia. These petitions were all denied and any appeals to this Court were unsuccessful.

In January of 2014, petitioner filed what the circuit court indicated amounts to his ninth petition for writ of habeas corpus in the circuit court. The petition alleged that petitioner's prior habeas counsel was ineffective for failing to allege that a different habeas attorney who represented petitioner was ineffective. Thereafter, the circuit court held an evidentiary hearing in May of 2015 during which petitioner testified that he did not direct his habeas counsel to allege that his prior habeas counsel was ineffective. Petitioner's counsel confirmed that petitioner did not wish to raise the issue during the prior habeas proceeding and went on to testify that petitioner sent him multiple, detailed correspondences in which petitioner outlined exactly the grounds he wished to raise in his habeas petition. Ultimately, petitioner's counsel testified that he did not include a claim for ineffective assistance of prior habeas counsel because it did not appear viable. Ultimately, by order entered in April of 2016, the circuit court denied the petition for writ of habeas corpus. It is from this order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal to this Court, petitioner argues that he was entitled to habeas relief due to habeas counsel's ineffective representation. The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on these alleged errors, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignments of error raised on appeal. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's April 26, 2016, "Order Denying Writ of Habeas Corpus" to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**  May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

ELECTRONICALLY FILED
4/26/2016 4:20 PM
CK-19-2014-C-126
CIRCUIT COURT OF
JEFFERSON COUNTY, WV
LAURA STORM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA, ex. rel.,
    JAMES H. FARRIS Petitioner,

v.

                                  Criminal Action No. 14-C-126
                                  The Honorable David H. Sanders

DAVID BALLARD, WARDEN,
MOUNT OLIVE CORRECTIONAL COMPLEX,
          Respondent.

## ORDER DENYING WRIT OF HABEAS CORPUS

This matter comes before the Court upon the papers and proceedings formerly had herein; upon the original and "Amended Third Petition for Writ of Habeas Corpus" of James E. Farris, upon the evidentiary hearing had on May 29, 2015, and the proposed order presented by the Respondent. Having reviewed the pleadings filed by the parties, considered the evidence presented at hearing and reviewed the applicable law, the Court does hereby make the following:

## FINDINGS OF FACT

1. This third amended habeas is in fact the ninth civil habeas corpus case the Petitioner has filed following his felony conviction for sexual assault in the second degree which resulted in the imposition of an aggregate sentence of not less than thirty nor more than seventy-five years in the penitentiary.

2. On September 19, 1996 the defendant was indicted in Jefferson County Criminal Action Number 96-F-73 for four counts of sexual assault in the second degree for events which occurred on two dates in April 1996 and two dates in May of 1996. Following a trial, on December 3, 1996, a jury found the defendant guilty of all four counts of sexual assault in the second degree. The petitioner was sentenced to the statutory sentence of not less than ten not

1

more than twenty-five years for each count, with three of those sentences to be served consecutively to one another, and the fourth count to be served concurrently, for an effective sentence of not less than thirty nor more than seventy-five years. Following his conviction and sentencing the petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia, which court refused the petition on or about September 18, 1997.

3. Thereafter the petitioner sought relief through the filing of a first petition for a writ of habeas corpus in Jefferson County Civil Action Number 99-C-80 filed on April 13, 1999.

4. Shortly after the filing of 99-C-80, the West Virginia Supreme Court of Appeals refused a second directly-filed petition for habeas corpus on or about April 21, 1999.

5. Five grounds were listed in the petition filed in Jefferson County Circuit Court as 99-C-80: 1) That the Circuit Court erred when it instructed the jury regarding the law when the defendant does and does not testify; 2) That the prosecuting attorney argued the case in a manner to inflame the jury; 3) That trial counsel was ineffective in four separate matters; 4) That the State engaged in prosecutorial misconduct by collusion with defense counsel; and 5) That the defendant was given ineffective assistance of counsel. An evidentiary hearing was held on January 28, 2000. After addressing each of the grounds raised by Petitioner, by Order dated October 23, 2000 the Circuit Court refused the petition for a writ of habeas corpus.

6. Prior to the dismissal of 99-C-80, on October 10, 2000, the Petitioner filed a prisoner civil rights action against his criminal trial counsel in the United States District Court for the Northern District of West Virginia in case number 3:00-CV-00104. That case was dismissed by the Honorable W. Craig Broadwater by order dated September 5, 2001.

7. On May 3, 2001, the Petitioner also filed a Petition for appeal with the Supreme Court of Appeals of West Virginia in 01-0801, which petition was refused on June 21, 2001.

2

8. On June 25, 2003, the West Virginia Supreme Court of Appeals in docket 03-0549 again refused to hear a third Petition for Writ of Habeas Corpus filed by the Petitioner.

9. On October 3, 2003, the Petitioner filed a fourth Petition for a writ of habeas corpus in the United States District Court for the Northern District of West Virginia in case number 3:03-CV-00066. That case was dismissed by the Honorable W. Craig Broadwater by order dated October 6, 2004.

10. On June 29, 2005, the West Virginia Supreme Court of Appeals in docket 05-0168 again refused to hear a fifth Petition for Writ of Habeas Corpus filed by the Petitioner.

11. On January 11, 2006, Petitioner filed a sixth petition for a writ of habeas corpus in Jefferson County Civil Action Number 06-C-15 which alleged ineffective assistance of trial, appellate and habeas counsel. The Petition was dismissed without prejudice by order dated November 13, 2006. Following a hearing November 17, 2008, in an Order dated December 10, 2008, the Court noted that:

> ... the parties further agreed that any new habeas petition that might be brought by the Petitioner can only raise the issue of ineffective assistance of the original habeas counsel.
> Further, the parties noted to the Court that the last Petition for Habeas relief had been dismissed, without prejudice, to allow counsel the opportunity to discuss the matters raised therein with the Petitioner and determine what if any issues regarding ineffective assistance of habeas counsel might be brought in a new petition.
> Whereupon counsel for the Petitioner informed the Court that he had in fact consulted with the Petitioner at the Mount Olive Correctional Complex recently and had also conferred with Bernie Lewis, Ph.D., who had performed a psychological evaluation on the Petitioner, finding him competent to assist counsel.

12. On September 10, 2009, the Petitioner filed a seventh Petition for a Writ of Habeas Corpus in Jefferson County Civil Action Number 09-C-342. Following the filing of this action but prior to final disposition, the Petitioner returned to federal court in pursuit of relief.

3

13. Petitioner filed a prisoner civil rights action against the expert witness employed by the State in the 1996 criminal trial in the United States District Court for the Northern District of West Virginia in case number 1:11-CV-00079. That case was dismissed by the Honorable Irene M. Keeley by order dated August 24, 2011.

14. On August 23, 2012, the Jefferson County Circuit Judge who originally presided over the 1996 criminal trial issued an "Order Summarily Denying Habeas Relief" in 09-C-342.

15. On September 21, 2012, the Petitioner filed a notice of intent to appeal the denial of habeas corpus relief to the West Virginia Supreme Court of Appeals. He perfected his appeal in 12-1094 by filing what was essentially his eighth habeas corpus brief and Appendix on December 26, 2012. The Jefferson County Prosecutor's Office filed a brief in response on February 8, 2013, and the Supreme Court of Appeals, by Memorandum Decision issued on June 10, 2013, affirmed the decision of the Jefferson County Circuit Court denying Mr. Farris' petition for a writ of habeas corpus.

16. On August 11, 2013, Mr. Farris filed a second notice of appeal in the same matter, 12-1094. On September 16, 2013, a staff attorney from the Supreme Court of Appeals wrote a letter to Mr. Farris explaining that the Court had already affirmed the denial of his petition for habeas corpus.

17. Thereafter, on or about January 2, 2014, the Petitioner filed this ninth Petition for a Writ of Habeas Corpus in the instant matter, asserting that his prior habeas counsel, Christopher J. Prezioso, was ineffective because Mr. Prezioso failed to allege that James T. Kratovil, who served as counsel in a prior habeas proceeding, was ineffective in that proceeding.

18. For more than nineteen years, since his December 1996 conviction, Mr. Farris has been in a near-continuous state of litigation, attempting to appeal either his conviction

4

outright, or seek the writ of habeas corpus in various courts, including nine separate habeas corpus filings and appeals of denial of habeas corpus.

19. At an evidentiary hearing on May 29, 2015, Mr. Farris testified that he sent "a lot of letters" to Mr. Prezioso, and sent a number of different notes on top of copies of the trial transcript. Tr. 46:15; 48:11 - 14. Mr. Farris also conceded that in his correspondence to Mr. Prezioso he did not direct Mr. Prezioso to allege that Mr. Kratovil was ineffective in 09-C-342:

> Q: Is there anything in any of these three sets of handwritten notes on top of these trial transcript pages that direct Mr. Prezioso to raise a ground that Mr. Kratovil was ineffective? Do any of your notes on any of those pages say, I want you to say Mr. Kratovil was ineffective? . . . . Do you write anywhere in there 'please argue that Mr. Kratovil was ineffective'?
>
> A: No, I didn't say nothing about that.

Tr. 49:5 – 18.

20. Mr. Farris further conceded that he didn't direct Mr. Prezioso to argue that Mr. Kratovil was ineffective. Tr. 50:21 – 23.

21. When Respondent's counsel inquired about the trial transcript copies Mr. Farris repeatedly sent to Mr. Prezioso he again conceded that he did not direct Mr. Prezioso to raise the argument:

> Q: Mr. Farris, you sent these different sections, three sections of the transcript, Page 3, Page 176 through 178, Page 253, you sent at least two copies or three copies of each of these transcript pages to Mr. Prezioso and each time you argued the facts of the underlying trial but you never directed Mr. Prezioso to argue that Mr. Kratovil was ineffective; is that true?
>
> A: Not in these pages here, no.

Tr. 52:7 – 14.

22. Mr. Prezioso also testified at the evidentiary hearing that:

5

Q: Based on your discussions with Mr. Kratovil, were you able to determine whether raising potential ineffective assistance of Mr. Kratovil during that prior habeas would be a successful ground?

A: I did not think it would be. But more what I do remember about the issue of ineffective assistance of habeas counsel—I have made that argument before in other cases, and I understand the importance of it if it is to be raised—I do not remember a discussion or request from Mr. Farris after my appointment to raise that issue. . . . I know that during [ ] meetings and correspondence that was never an issue that I was instructed to raise.

Tr. 64:3 – 21.

23. Mr. Prezioso also testified that he found Mr. Kratovil's petition for habeas corpus filed in 09-C-342 was "an adequate habeas corpus petition." Tr. 65:8 – 10.

24. Mr. Prezioso also testified regarding the four grounds which Mr. Farris instructed him to raise in the habeas corpus petition: (1) that there was no physical evidence to prove that the sexual acts occurred; (2) Mr. Farris' competency; (3) allegations of prosecutorial misconduct; and (4) an Eighth Amendment argument regarding his consecutive sentences. Tr. 65:17 – 66:2.

25. Mr. Prezioso testified that he received a number of pieces of correspondence, including portions of the trial transcript which were repeatedly sent to him. Tr. 69:21 – 70:16.

26. Mr. Prezioso further testified that he received a letter which "outlined exactly what he wanted which were those four grounds." Tr. 70:23 – 24.

27. Mr. Prezioso testified that he sent a Losh list to Mr. Farris to review, and that Mr. Farris sent that Losh list back to Mr. Prezioso, without any further instruction about additional grounds which should be raised. Tr. 76:13 – 16.

28. Moreover, Mr. Prezioso testified that he "believe[d] Mr. Kratovil did an adequate job on his habeas. I think that it would not have helped Mr. Farris to put Mr. Kratovil

6

on the stand." Tr. 81:20 22. Mr. Prezioso further testified, "not putting [Mr. Kratovil] on the stand would be the best thing to do, if I had been directed or thought it was a viable argument, I would have argued it." Tr. 93:1 – 4. Mr. Prezioso continued, "I remember reviewing the petition and speaking with Mr. Kratovil and speaking with Mr. Farris and it wasn't something that came up." Tr. 93:7 – 9.

29. Mr. Prezioso further testified, "I can't conceive of any other reason why I wouldn't have alleged [ineffective assistance by Mr. Kratovil] except for the fact that I didn't think it was viable. I reviewed the prior petition and I didn't think that it was a viable ground to explore." Tr. 94: 1 – 5.

30. Mr. Prezioso also testified that in his dealings with Mr. Farris he interpreted some of Mr. Farris' pro se pleadings:

> to mean that he was upset about the fact that Mr. Kratovil hadn't got that expert for him. . . . I don't think that rises to the level of ineffective assistance of counsel I don't think it was even proper for me to make that request. . . . I don't think [Mr. Kratovil] did anything wrong . . . all this failure to investigate was linked to this failure to not have any physical evidence, which I was going to do to try to do and get over that.

Tr. 101:20 – 102:1; 103:19 – 23.

31. Mr. Prezioso further testified that he considered his decision in that regard to have been strategic. Tr. 104:13.

Based upon the filings of the parties and a review of the pertinent law, the Court does make the following:

## CONCLUSIONS OF LAW

1. "Our postconviction habeas corpus statute... clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one

7

postconviction habeas corpus proceedings. *Syllabus Point 1*, Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49 (2004), *quoting Syllabus Point 1*, in part, Gibson v. Dale, 173 W.Va. 681, 319 S.E.2d 806 (1984).

2. "A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." *Syllabus Point 4*, Losh v. McKenzie, 166 W.Va. 762, 277 S.E.2d 606 (1981). *Syllabus Point 2*, Markley v. Coleman, 215 W.Va. 729, 601 S.E.2d 49 (2004).

3. "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Syllabus Point 5*, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

4. "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." *Syllabus Point 6*, State v. Miller, 194 W.Va. 3, 459 S.E.2d 114 (1995).

8

ACCORDINGLY, based upon the findings of fact and conclusions of law cited herein, it appears to the Court that Mr. Farris' ninth petition for a writ of habeas corpus, which is styled as a third petition for habeas corpus, is insufficient to merit issuance of the writ requested.

Although the Petitioner properly raises the ground of whether he received ineffective assistance of counsel during a prior habeas proceeding, he does not meet his burden of either of the two prongs established in <u>Strickland v. Washington</u>, that: (1) his prior habeas counsel's performance was deficient under an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. During his representation of Mr. Farris, Mr. Prezioso pursued the four grounds requested by Mr. Farris during their meetings and correspondence. Although Mr. Farris raised ineffective assistance of prior habeas counsel in his pro se pleading, Mr. Prezioso properly raised the four grounds which his client repeatedly discussed and corresponded about. A reasonable attorney would have acted similarly in raising those issues discussed with his client, rather than every possible appellate issue. As Mr. Prezioso testified, he was well aware of the law and arguments regarding a prior ineffective assistance of habeas counsel, and has raised that issue in other cases. Had his client here discussed his desire to include that ground, Mr. Prezioso would have included the same in his petition.

Even if Mr. Prezioso was deficient in his representation in failing to include the allegation that Mr. Kratovil was ineffective, there is very little likelihood that the result would have been different. Mr. Prezioso testified that he found Mr. Kratovil's habeas petition to be adequate, and further, that had he called Mr. Kratovil as a witness regarding the prior habeas, that such testimony would have been detrimental to Mr. Farris's habeas case. Further, Mr. Prezioso testified that he did not believe it was proper to assert a claim which he felt to be unsupported by the record. In Mr. Prezioso's opinion the representation that Mr. Kratovil

9

provided was sufficient. Although it is clear from the record that Mr. Farris was unhappy with the *result* of Mr. Kratovil's representation, he did not express any unhappiness with Mr. Kratovil's representation until *after* the denial of the relief requested in the petition filed by Mr. Kratovil. A convicted individual is entitled to adequate representation, but not to a lawyer who willfully violates the Rules of Civil Procedure or Professional Conduct in pursuing frivolous grounds. Mr. Prezioso used his professional judgment to determine that there were no just grounds to allege ineffective assistance of prior habeas counsel, and instead filed a habeas petition on Mr. Farris' behalf which dealt with the four grounds repeatedly raised by his client in meetings and correspondence.

Because a reasonable attorney could have acted as prior habeas counsel Mr. Preziosoacted in this matter, under an objective standard of reasonableness, prior habeas counsel appears to have acted proficiently. ACCORDINGLY, this Court does find that the petition, and other pleadings, do show to the satisfaction of the Court that the Petitioner is entitled to no relief, and therefore the Court does DENY the Petition for a Writ of Habeas Corpus Ad Subjiciendum.

The Clerk shall enter the foregoing as for the date first above written and shall forward attested copies to all counsel of record. The Clerk shall then retire this matter from the docket, placing it among causes ended and report the matter as disposed.

ENTERED: ____4/26/16____

THE HONORABLE DAVID H. SANDERS
JUDGE OF THE TWENTY-THIRD JUDICIAL CIRCUIT

10

Prepared by:

Brandon C. H. Sims
Assistant Jefferson County Prosecutor
West Virginia State Bar Number 7224